BRUNNER, Respondent, vs. BARRONETT STATE BANK, Appellant.

*May 14—June 12, 1931.*

For the appellant there was a brief by *Ward Winton* of Shell Lake and *Claude Doyle* of Cumberland, and oral argument by *Mr. Winton.*

For the respondent the cause was submitted on the brief of *A. C. Barrett* of Spooner and *Coe Brothers* of Barron.

ROSENBERRY, C. J. The defendant is a state bank and as such subject to the provisions of sec. 221.14, Stats., which is set out in the margin.[1]

---

[1] 221.14 A bank may purchase, hold and convey real estate for the following purposes only:

First. Such as shall be necessary for the convenient transaction of its business, including with its banking offices other apartments to rent as source of income. No bank shall invest in a banking office, including apartments connected therewith, together with furniture and fixtures, or become liable thereon in a sum exceeding fifty per cent. of its capital and surplus; provided, that in lieu thereof it may invest, with the approval of the commissioner of banking, not to exceed thirty-five per cent. of its capital and surplus in the stocks, bonds or obligations of a bank building corporation. Any bank not owning its banking offices shall not hereafter invest in furniture and fixtures a sum exceeding fifteen per cent. of its capital and surplus.

The defendant strenuously contends that the transaction, by the terms of which the defendant assumed and agreed to pay the mortgage in question, is illegal, and a considerable part of the brief of defendant in this court is devoted to pointing out the distinction between an illegal corporate act and a corporate act which is merely *ultra vires.* Certainly the transaction in question was not illegal in the sense that it was contrary to public policy or good morals. The defendant State Bank under its charter had authority to take title to real estate; its authority in that respect was limited by the provisions of sec. 221.14. Whether it was necessary for the convenient transaction of its business was a matter to be determined in the first instance by its officers. It entered into the transaction and has retained the fruits thereof and it has passed title to the real estate in question to a subsequent grantee. If the transaction is in any respect questionable, it is because the State Bank exceeded its lawful authority. The transaction was not illegal in the sense that it had no vitality. The deed which constituted a part of the transaction conveyed the property to the defendant, and the defendant by its deed conveyed it to a subsequent grantee. Certainly the transaction cannot be void in part and operative in part. If it is operative and therefore merely void-

Second. Such as shall be conveyed to it in satisfaction of debts previously contracted in the course of its business.

Third. Such as it shall purchase at sale on judgments, decrees or mortgage foreclosures under securities held by it, but a bank shall not bid at such sale a larger amount than is necessary to satisfy its debts and costs.

Fourth. No real estate acquired in the cases contemplated in the second and third subdivisions preceding, shall be held for a longer time than five years, except an extension is granted by the commissioner of banking. If such extension be not granted, it must be sold at a private or public sale within one year thereafter. Nothing in this section shall be construed to prevent a bank from loaning moneys upon real estate security as provided by law. Real estate shall be conveyed under the corporate seal of the bank, and the hand of the president or vice-president and cashier or assistant cashier.

able, then the defendant is met with the proposition that it cannot avail itself of the defense of *ultra vires* in order to defeat its liability to the plaintiff on the covenant in question. The reasons for this are fully stated in *Zinc Carbonate Co. v. First Nat. Bank,* 103 Wis. 125, 79 N. W. 229, and the whole matter carefully reviewed in *American Express Co. v. Citizens State Bank,* 181 Wis. 172, 194 N. W. 427. For the reasons stated in these cases the judgment must be affirmed.

*By the Court.*—Judgment affirmed.